**BLACKSTONE PRODUCTS CO., Inc., v. GREEN BROS. CO.**

Patent Appeal No. 3259.

Court of Customs and Patent Appeals.

April 23, 1934.

Maxwell James, of New York City (Edward M. Evarts, of New York City, of counsel), for appellant.

Before GRAHAM, Presiding Judge, and BLAND, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

The appellant filed its application in the United States Patent Office on March 2, 1931, for the registration of a trade-mark used by the appellant in connection with the sale of a laxative prepared with chocolate. The mark sought to be registered was the compound word "Tasty-Lax Laxative."

The Examiner required the disclaimer of the word "Laxative."

The appellee, Green Bros. Company, filed notice of opposition to the trade-mark registration, the ground of the opposition being that the opposer was the owner of, and had used, the trade-mark "Tastyeast" in connection with the sale of a chocolate-coated yeast, claimed to possess certain therapeutic properties, and that said mark had been used by the opposer in its business, in interstate commerce, since May 11, 1927. The opposer also alleged that the goods of the parties were of the same descriptive properties, and that the registration which was sought would be likely to cause damage to the opposer.

The applicant thereupon moved to dismiss the notice of opposition upon the face of the record, alleging that there was no similarity of the marks, either as to sound or appearance, shown. The motion to dismiss was denied, and the applicant filed an answer denying the material allegations of the notice. Registration was refused by the Examiner of Interferences, and upon appeal this decision was affirmed by the Assistant Commissioner.

The mark "Tastyeast" was registered in the United States Patent Office on February 20, 1905, and was accompanied by a disclaimer as to the syllable "Tast" and the word "Yeast" apart from the mark as shown. No testimony was taken by the respective parties.

In view of the recent announcements of this court, it cannot be doubted that, so far

272

as this jurisdiction is concerned, the goods are of the same descriptive properties. Both products are claimed to have therapeutic and medicinal values. Whether yeast is, or is not, a laxative, as is argued by counsel, is not important, in the view we take of the case.

The following goods have been held by us to be of the same descriptive properties: A mouth wash and general antiseptic and cold creams, and the like, Malone v. Horowitz, 41 F.(2d) 414, 17 C. C. P. A. 1252; a preparation to remove substances from toilet bowls and a liquid preparation for cleaning fabrics, Langfield v. Solvit-All Corp., 49 F.(2d) 480, 18 C. C. P. A. 1313; medicines and foods for bird and animal pets, Heger Products Co. v. Polk Miller Prod. Corp., 47 F.(2d) 966, 18 C. C. P. A. 1106; a liquid disinfectant and soap powder, The Procter & Gamble Co. v. J. L. Prescott Co., 49 F.(2d) 959, 18 C. C. P. A. 1433; coal and fuel oil, Harlan-Wallis Coal Corp. v. Trans. Oil Co., 64 F.(2d) 122, 20 C. C. P. A. 944; sanitary napkins and antiseptic powder, Rotex Surg. Ap. Co. v. Kotex Co., 44 F.(2d) 879, 18 C. C. P. A. 746.

It is argued by appellant that, inasmuch as the opposer has disclaimed the parts of its mark "Tast" and "Yeast," there is no confusing similarity between the two marks, "Tasty-Lax" and "Tastyeast." In view of the character of the mark which the appellant seeks to register, it will not be necessary to discuss further the question of confusing similarity.

The mark which the appellant seeks to register, "Tasty-Lax," is, clearly, descriptive, and hence may not be registered, in view of the language of section 5 of the Trade-Mark Act of February 20, 1905, as amended (15 USCA § 85). The common meaning of the noun "lax," as defined by Webster's New International Dictionary (1932) is: "An aperient; a laxative." Both syllables of the compound word exactly describe the qualities of the product.

The right, ex parte, of an applicant to register his mark, may be disposed of in an opposition proceeding. California Cyanide Co. v. American Cyanamid Co., 40 F.(2d) 1003, 17 C. C. P. A. 1198; Etablissements Rene Beziers, etc., v. Reid, Murdoch & Co., 48 F.(2d) 946, 18 C. C. P. A. 1340; California Canneries Co. v. Lushus Products Co., 49 F.(2d) 1044, 18 C. C. P. A. 1480.

While our conclusion is based upon somewhat different ground, we conclude that the decision of the Commissioner of Patents in refusing registration is correct, and it is affirmed.

Affirmed.

HATFIELD, Associate Judge, did not participate.